NOETZEL, by guardian *ad litem,* Appellant, vs. A. GEORGE
SCHULZ COMPANY, Respondent.

*December 6, 1911—January 30, 1912.*

*Master and servant: Injury to operator of machine: Negligence: As-
sumption of risk: Nonsuit.*

> In an action for injuries sustained by an employee in falling
> against the machine at which he was working in defendant's
> factory, a nonsuit was properly granted, it not being shown that
> the machine was one which the statute required to be fenced
> or guarded or that any defect therein caused the injury, and
> it appearing that plaintiff had been properly instructed but that
> he unnecessarily placed himself in a dangerous and very awk-
> ward position in attempting to stop the machine by shutting off
> the power and applying the foot brake simultaneously; that
> his fall was caused by such attempt coupled with the slippery
> condition of the floor; and that he had assumed the risk arising
> from such condition.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The appeal is from a judgment of nonsuit in an action by
an employee against employer for negligent injury to the per-
son.

For the appellant there was a brief signed by *Rubin &
Lehr,* attorneys, and *W. B. Rubin,* of counsel, and oral argu-
ment by *W. B. Rubin* and *H. B. Walmsley.*

For the respondent there was a brief by *Doe & Ballhorn,*
and oral argument by *J. B. Doe.*

TIMLIN, J.    The plaintiff was working at a machine for
cutting cardboard for paper boxes.    The machine was five
feet wide and four feet high and provided on one side with
a drive-wheel and a fly-wheel.    In front there was a movable
jaw which opened and closed in operation considerably nar-
rower than the width of the machine, and the top of which

when closed was nearly at the top of the machine. Above this, on the frame of the machine, were two handholds; back of these and on each side was a cogged wheel of twelve or fourteen inches diameter. Some distance above the top of the machine was a switch to shut off the electric power. Near that side of the machine carrying the fly-wheel was a brake consisting of a long piece of wood lying parallel with and nearly upon the plane of the floor, with a shoe on the further end which projected under the fly-wheel and against its rim; and at the front end, which extended toward and a little beyond the front of the machine, it was a straight lever about two by four inches. Between the shoe and the front end of this lever, and near the shoe, was a fulcrum to which this lever was fastened, and the brake was applied by pressing on the front end of the lever with the foot, thus bringing the shoe up against the rim of the fly-wheel. In front, where the operator stood, the floor was covered with tin, and this tin and the brake lever were slippery from oil. There is testimony tending to show that the brake shoe was slippery and did not exercise much friction against the rim of the fly-wheel because of oil or grease having got in there. The brake was not effective to stop the machine at once, but the latter would make several movements of the jaw after the power was shut off and the brake applied. The plaintiff before his injury notified the foreman that the brake was not in good condition and the foreman promised to fix it within a day or two, whereupon the plaintiff continued to work. While so engaged in working, the plaintiff, who was five feet eight inches in height, attempted, without using the handholds, to close the switch near the center of, above, and some distance back from the front of the machine, and to apply the brake by foot pressure on the front end of the lever at the same time. To do this he must have his foot on the brake lever at one side of the machine, his body leaning forward over the moving

jaw, and one hand on the electric switch over the top of the machine. In performing this acrobatic feat he slipped and fell against the machine and was injured. He says:

"I was supposed to stop the machine, and I put my hand on the switch and my foot on the brake; my left foot on the brake. I slipped off with my left foot. My weight went on, my right foot gave out, I fell toward the right, and by falling I fell on the cog-wheel."

In rescuing himself from the cog-wheel he got his fingers into the jaw.

The case was apparently tried without any definite or clear theory of defendant's liability. Mr. Wilke was the superintendent. The plaintiff further testified: "Well, I stood there, and Mr. Wilke told that fellow to show me how to run the machine. The foreman told him to instruct me and he did so." The details of this instruction are not given, nor is it shown by the plaintiff to have been informal or insufficient. There was no proof of any defect in the machine, except that the front end of the brake lever was worn from foot pressure. The plaintiff was standing upon this slippery floor and using this brake day after day, the condition was obvious, and the alleged defect in the brake lever could not have caused his injury. The upper side of this brake lever was not to exceed four inches above the level of the floor, and, assuming that it was footworn at this place, the evidence shows that the wear was slight and that this was not the cause of his fall. The proper way to apply a friction brake is to first shut off the power and then apply the brake. The plaintiff attempted to do these things simultaneously, thus placing himself in a dangerous and very awkward position on the slippery floor. This attempt, coupled with the condition of the floor, caused him to fall. His request for repairs had no relation to the slippery condition of the floor or the slippery condition of the front end of the brake lever. It related to the worn condition and ineffective action of the brake. This worn condition is

not shown to have been so serious as to constitute a defect in the machine.    He says with reference to the front end of the brake lever: "I knew very well that I was likely to slip from it at any time. . . . So that really falling against the machine was caused by the slipping of my right foot."    The left foot was the one applied to the brake.

The foregoing evidence was given by the plaintiff himself, and entitled the defendant to a nonsuit on the ground that no defect in the machine which caused the injury was shown, and that it was not shown to be one which the statute required to be fenced or guarded; that the plaintiff had been instructed; that he assumed the risk arising from the slippery floor; and that in fact his injury was caused by his attempt to perform the feat of throwing off the switch and stepping on the brake lever simultaneously, situated as they were at such distance apart.

*By the Court.*—Judgment affirmed.